| | |
|---|---|
| 1  **RCO LEGAL, P.S.**<br>2  Renee M. Parker, Esq. #256851<br>   1241 East Dyer Road, Suite 250<br>3  Santa Ana, California 92705<br>   Telephone (714) 382-6422<br>4  Facsimile (425) 974-8071<br>   Email rparker@rcolegal.com<br>5 | **FILED & ENTERED**<br><br>MAY 23 2013<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY Ogier      DEPUTY CLERK |

6  File No.: 63215
   Attorneys for Creditor: FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE
7  MAE"), CREDITOR C/O SETERUS, INC.

8                       UNITED STATES BANKRUPTCY COURT
9                       CENTRAL DISTRICT OF CALIFORNIA
10                      SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| 11  In re:<br>12  Mohammed S Iqbal,<br>13                       Debtor. | BK Case No. 1:13-bk-10001-AA<br><br>Chapter 11<br><br>**ORDER GRANTING STIPULATION ON DEBTOR'S MOTION TO VALUE THE REAL PROPERTY LOCATED AT 38744 POND AVENUE , PALMDALE, CA 93550 FOR PURPOSES OF CHAPTER 11 PLAN CONFIRMATION AND CLAIM TREATMENT**<br><br>Hearing Date:<br>Date: June 5, 2013<br>Time: 10:30 am<br>Location: 21041 Burbank Blvd.<br>            Woodland Hills, CA 91367<br>Courtroom: 303 |

22      Debtor MOHAMMED S IQBAL ("Debtor"), by and through his attorney of record, and
23  Secured Creditor FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"),
24  CREDITOR C/O SETERUS, INC. ("Creditor"), by and through its counsel, entered into a
25  Stipulation that resolved Debtor's *MOTION TO DETERMINE THE VALUE OF REAL*
26  *PROPERTY LOCATED AT 38744 POND AVENUE, PALMDALE, CA 93550* ("Motion to
27  Value") as filed by Debtor on March 8, 2013 as Docket Item Nos. 88-89.
28

1  The matter having been settled by Stipulation, filed on May 17, 2013 as Docket Item No. 252, and attached hereto as **Exhibit "A"**, and the parties all agreeing to be bound to the terms and conditions thereto,

IT IS HEREBY ADJUDGED, ORDERED, AND DECREED THAT the Stipulation is hereby approved and made an order of the Court.

###

Date: May 23, 2013

Alan M. Ahart
United States Bankruptcy Judge

ORDER ON STIPULATION
2

1 | **RCO Legal, P.S.**
2 | Renee M. Parker, Esq., #256851
3 | 1241 East Dyer Road, Suite 250
4 | Santa Ana, California 92705
5 | Telephone 714-382-6422
6 | Facsimile 425-974-8041
7 | Email rparker@rcolegal.com

File No.: 63215
Attorneys for: FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), CREDITOR C/O SETERUS, INC.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| In re: | Case No.   1:13-bk-10001-AA |
|---|---|
| Mohammed S Iqbal | Chapter 11 |
| Debtor. | **STIPULATION ON DEBTOR'S MOTION TO VALUE THE REAL PROPERTY LOCATED AT 38744 POND AVENUE , PALMDALE, CA 93550 FOR PURPOSES OF CHAPTER 11 PLAN CONFIRMATION AND CLAIM TREATMENT**<br><br>Hearing Date:<br>Date: June 5, 2013<br>Time: 10:30 a.m.<br>Location: 21041 Burbank Blvd.<br>          Woodland Hills, CA 91367<br>Courtroom: 303 |

This Stipulation is entered into by and between Debtor, MOHAMMED S IQBAL ("Debtor"), by and through his attorney, and Secured Creditor FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE") CREDITOR, C/O SETERUS, INC. ("Creditor") by and through its attorneys. This Stipulation resolves the Debtor's *MOTION TO DETERMINE THE VALUE OF REAL PROPERTY LOCATED AT 38744 POND AVENUE, PALMDALE, CA 93550* ("Motion to Value"), Docket Nos. 88-89, subject to the terms and conditions contained within this Stipulation.

**STIPULATION ON DEBTOR'S MOTION TO VALUE COLLATERAL**
1

**EXHIBIT A**

**RECITALS**

Debtor Mohammed S. Iqbal (and co-obligor Luz E. Lopez, husband and wife as joint tenants), the borrower and obligor under a Note in favor of AmTrust Bank. dated April 10, 2008 in the original principal amount of $89,600.00 ("Note") secured by an Deed of Trust ("Deed of Trust") encumbering the real property located at **38744 Pond Ave., Palmdale, CA 93550** ("Property"). The Property is legally described as:

> LOT 96 OF TRACT NO. 19965, IN THE CITY OF PALMDALE, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 531, PAGE(S) 16 AND 17 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

The Deed of Trust was recorded April 16, 2008 as Document Number 20080657258 in the Official Records of the Recorder's Office of Los Angeles County, California. The Note and Deed of Trust are collectively referred to as the "Subject Loan." Creditor is the beneficiary of, and is entitled to enforce, the Subject Loan.

On or about January 1, 2013, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of the State of California, Case Number 1:13-bk-10001-AA. On or about March 8, 2013, Debtor filed his Motion to Value as to Creditor, Docket Item Nos. 88-89.

The matter was set for a Hearing on the date listed above; however, the parties have reached an agreement and respectfully request that this Court approve the following Stipulation:

**STIPULATION**

The Parties hereby stipulate and agree as follows:

1. This agreement supersedes the terms and conditions of Debtor's Motion to Value and the Chapter 11 Plan ("Plan"), and inclusive of all Attachments thereto, and binding in all terms on any subsequent amendment to the Plan, regardless of whether the amendment(s) is (are) pre- or post-confirmation. Debtor agrees the Plan will be amended to reflect these terms and conditions;

2. This agreement resolves any objection Creditor had to Debtor's Motion to Value, and also resolves Debtor's Motion to Value pursuant to the terms and conditions stated herein;

3. The parties agree that as of January 1, 2013, the date of filing of the Chapter 11 Petition in this case, the value of the Property is $75,000.00, which is payable to Creditor as a secured claim;

4. The agreed interest rate is 5.00% per annum;

EXHIBIT A

5. Debtor is to pay the agreed secured loan amount in entirety within the stated loan term. The agreed loan term is thirty years (30 years) from the date of filing, and having a modified maturity date of January 1, 2043.

6. Monthly payments on the loan, in the amount of $402.62, not inclusive of any escrow, are to commence June 1, 2013, and any amounts remaining on the maturity date will be paid in full on that date;

7. If Creditor paid any post-petition property taxes property insurance, homeowner's association dues, or any other dues, assessments or fees/costs required to be paid by Creditor to protect Creditor's lien, Debtor is to pay that same amount to Creditor for reimbursement of these post-petition escrow advances. This amount, if any, will be paid by Debtor in addition to the total amount stated in Paragraph 3 after Creditor notifies Debtor of any amounts expended and a breakdown of the costs incurred;

8. The remainder of Creditor's claimed balance for the Subject Loan, approximately $19,011.72, shall be allowed as a non-priority general unsecured claim payable under the Plan per Creditor's filed Proof of Claim and any amendments thereto;

9. The avoidance of Creditor's remaining balance under the Note and Deed of Trust herein is contingent upon Debtor's completion of payments of the secured claim within the stated term, completion of the Chapter 11 Plan, and Debtor's receipt of a Chapter 11 Discharge in the instant bankruptcy case, subject to all other terms and conditions stated herein;

10. Upon completion of the payments under the Chapter 11 Plan within the stated term, and upon Debtor's receipt of a Chapter 11 Discharge in the instant case, this Stipulation, accompanied by a certified copy of the Order on Entry of Discharge in Chapter 11, may be recorded by Debtor with the Office of the County Recorder for the county in which the Property is located, and the Deed of Trust against the Property shall be null and void and such lien shall no longer act as an encumbrance on the Property;

11. Debtor must maintain ample liability coverage plus adequate insurance coverage for the Subject Property, and must deliver to Creditor proof that the Subject Property is protected against, but not limited to, fire and damage to the dwelling or any fixture thereof. Creditor is to be named an additional loss payee under all property and liability insurance policies for the Subject Property until

such time Creditor releases its lien in public record.  <u>Debtor must maintain this insurance coverage at his own expense throughout the entire stated loan term of this agreed Stipulation</u>, and must deliver proof to Creditor of all insurance policies, plus proof of renewal prior to expiration of the policy.

12. In the event Debtor fails to maintain insurance coverage during the term of this Stipulation Creditor may elect to issue payment for insurance coverage, and can charge Debtor for any fees and costs as an amount above and beyond the agreed value of the Subject Property.  These fees and costs will be due and payable upon demand of Creditor and in the manner that Creditor demands;

13. In the event the Property is destroyed or damaged prior to the entry of a discharge order, Creditor shall be entitled to its full rights and compensation as a loss payee with respect to any insurance proceeds, up to the entire balance due under the Note, at time of loss;

14. Debtor must remain current on all property taxes, homeowner association dues, or other assessments or taxes ("fees" collectively) that become due post-petition against the Subject Property. <u>Debtor must remain current on all fees at his own expense throughout the entire stated loan term of this agreed Stipulation</u>. Debtor must deliver to Creditor, within 30 days of the applicable due dates, proof that any subsequent fees not cured through the Debtor's Plan have been timely paid. In the event Debtor fails to pay any fees during the term of this Stipulation Creditor may elect to issue payment, and can charge Debtor for any fees and costs incurred as an amount above and beyond the agreed value of the Subject Property.  These fees will be due and payable upon demand of Creditor;

15. Creditor shall retain its lien and security interest for the full amount owed under the terms of the original Note and Deed of Trust in the event the instant bankruptcy case is dismissed, converted to another chapter under the United States Bankruptcy Code, where Debtor fails to obtain a discharge under Chapter 11 of the Code, or where Debtor obtains a "hardship" discharge, or any other event that fails to provide payment to Creditor for the entire amount under the terms of this Stipulation;

16. In the event Debtor sells, transfers, conveys, assigns, or otherwise changes ownership of the Subject Property, whether in part or in whole, this Stipulation is deemed null and void, and Creditor shall be entitled to payment of its lien and security interest for the full amount owed under the terms of the original Note and Deed of Trust, whether or not Debtor receives any compensation therefrom;

17. Upon any default in the foregoing terms and conditions, Creditor shall serve a 14-day written notice of default to Debtor and any attorney for Debtor, followed by 72-hour telephonic notice to any

**STIPULATION ON DEBTOR'S MOTION TO VALUE COLLATERAL**

4

EXHIBIT A

attorney for Debtor.  If Debtor fails to timely cure the default or provide evidence of timely payment, Creditor may file and serve a declaration under penalty of perjury specifying the default, together with a proposed order terminating the stay, which the Court may grant without further notice or hearing.  Any order terminating the stay based on a default of the order shall NOT include a waiver of the 14-day stay pursuant to FRBP Rule 4001 (a)(3). The order terminating the automatic stay will be binding on any subsequent conversion of this case to another chapter of the Bankruptcy Code;

18. After two (2) written notices of default are sent, upon the occurrence of any subsequent default Creditor will have grounds to file a declaration and a proposed order without allowing Debtor additional time to cure the default;

19. Creditor will charge Debtor an additional $125.00 fee each time it sends written notice of default, and Debtor must pay this fee in addition to his monthly payment in the month immediately following the month the letter was sent. Failure to pay this fee constitutes a separate default under this agreement;

20. Creditor may accept any and all payments made pursuant to this Agreement without prejudice to or waiver of any rights or remedies to which it would otherwise have been entitled under bankruptcy or non-bankruptcy law, and may elect to not declare a default where an instance of default occurs, without prejudice to or waiver of any rights or remedies to which it would otherwise have been entitled;

21. This agreement does not change any other terms and conditions of the Note and Deed of Trust.

22. Where Debtor and Creditor execute a loan modification agreement ("LMA") post-petition, the LMA supersedes the Chapter 11 Plan and all amendments thereto, regardless of whether the Plan is confirmed or unconfirmed when the loan modification agreement is executed.  The entire balance shown as owing under the LMA is, and will always be treated as being fully secured regardless of the terms and conditions in the Plan; where borrowers execute the loan modification, and without regard to whether execution is considered timely, it constitutes agreement with this condition without further notice.

23. Each party to this Stipulation shall bear its own fees and costs incurred in connection with this Stipulation and all Motions related hereto or referenced herein;

**STIPULATION ON DEBTOR'S MOTION TO VALUE COLLATERAL**

5

EXHIBIT A

24. In signing this agreement all parties declares he or she has authority to enter into this agreement on behalf of their respective clients, and that counsels' signature constitutes consent to the terms of this agreement by each of the parties named herein.

25. The parties request that the Court approve this Stipulation.

APPROVED AS TO FORM AND CONTENT, IT IS SO STIPULATED:

Dated: May 16, 2013          By: /s/ Michael J. Jaurigue
                                  Michael J. Jaurigue, Esq.
                                  Attorney for Debtor

Dated: May 16, 2013          By: /s/ Renee M. Parker
                                  Renee M. Parker, Esq.
                                  RCO, Legal, P.S.
                                  Attorneys for Creditor

EXHIBIT A

24. In signing this agreement all parties declares he or she has authority to enter into this agreement on behalf of their respective clients, and that counsels' signature constitutes consent to the terms of this agreement by each of the parties named herein.

25. The parties request that the Court approve this Stipulation.

APPROVED AS TO FORM AND CONTENT, IT IS SO STIPULATED:

Dated: 5/16, 2013        By: _Michael Jaurigue (at)_
                             Michael J. Jaurigue, Esq.
                             Attorney for Debtor

Dated: 5/16, 2013        By: _____
                             Renee M. Parker, Esq.
                             RCO, Legal, P.S.
                             Attorneys for Creditor

STIPULATION ON DEBTOR'S MOTION TO VALUE COLLATERAL

6

EXHIBIT A

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled <u>ORDER GRANTING STIPULATION ON DEBTOR'S MOTION TO VALUE THE REAL PROPERTY LOCATED AT 38744 POND AVENUE , PALMDALE, CA 93550 FOR PURPOSES OF CHAPTER 11 PLAN CONFIRMATION AND CLAIM TREATMENT</u> was entered on the date indicated as Entered on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of <u>May 17, 2013</u>, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated:

- Lawrence R Boivin    lboivin@mileslegal.com
- Mark Domeyer    mdomeyer@mileslegal.com
- Lemuel B Jaquez    bjaquez@mileslegal.com
- Michael J Jaurigue    michael@jauriguelaw.com, mashi@jauriguelaw.com; pauliana@jauriguelaw.com; elaine@jauriguelaw.com; abigail@jauriguelaw.com; nam@jauriguelaw.com
- Marisol A Nagata    cdcaecf@bdfgroup.com
- Casey J OConnell    ch11ecf@piteduncan.com
- Renee M Parker    rparker@rcolegal.com, bknotice@rcolegal.com; bknotice@earthlink.net; chanson@rcolegal.com
- Cassandra J Richey    cmartin@pprlaw.net
- S Margaux Ross    margaux.ross@usdoj.gov
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- Darlene C Vigil    cdcaecf@bdfgroup.com
- Edward T Weber    bknotice@rcolegal.com

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an Entered stamp, the party lodging the judgment or order will serve a complete copy bearing an Entered stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page

**ORDER ON STIPULATION**
3